IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITE HERE LOCAL 1,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| **THOR EQUITIES, LLC, THOR** | ) |
| **PALMER HOUSE HOTEL & SHOPS,** | ) |
| **LLC, THOR PALMER HOUSE** | ) |
| **HOTEL, LLC, JOHN DOES 1** | ) |
| **THROUGH 20, HILTON HOTELS** | ) |
| **CORPORATION, HILTON ILLINOIS** | ) |
| **CORPORATION, and HLT PALMER** | ) |
| **LLC, collectively d/b/a "THE PALMER** | ) |
| **HOUSE HILTON,"** | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT TO COMPEL ARBITRATION**

Plaintiff UNITE HERE Local 1, by its undersigned counsel, for its Complaint against defendants Thor Equities, LLC, Thor Palmer House Hotel & Shops, LLC, Thor Palmer House Hotel, LLC, John Does 1 through 20, Hilton Hotels Corporation, LLC, Hilton Illinois Corporation, and HLT Palmer LLC, collectively doing business as "The Palmer House Hilton," alleges as follows:

**Nature of the Action**

1. This is an action by plaintiff UNITE HERE Local 1 (the "Union"), arising under the Labor Management Relations Act (the "LMRA"), to compel the owner(s) of The Palmer House Hilton (the "Palmer House"), a well-known historic downtown Chicago hotel, to participate in the arbitration of a grievance arising under the Union's collective bargaining agreement with the Palmer House.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter under LMRA Section 301, 29 U.S.C. § 185, and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to LMRA Section 301(a), 29 U.S.C. § 185(a), and 28 U.S.C. § 1391 in that, *inter alia*, as more fully set forth below, one or more defendants reside therein and a substantial part of the events and/or omissions giving rise to the claim occurred therein, and/or a substantial part of the property that is the subject of the action is situated therein.

**The Parties**

4. The Union is a "labor organization" within the meaning of LMRA Section 2(5), 29 U.S.C. § 152(5), with its principal offices in Chicago, Illinois, engaged in the representation of employees in the hotel, restaurant, gaming and related industries.

5. Defendant Thor Equities, LLC ("Thor Equities") is a Delaware limited liability company. Defendants Thor Palmer House Hotel & Shops, LLC ("Thor Palmer House Hotel & Shops") and Thor Palmer House Hotel, LLC ("Thor Palmer House") are Delaware limited liability companies affiliated with Thor Equities. Each of the foregoing defendants are "employers" within the meaning of LMRA Section 2(2), 29 U.S.C. § 152(2). Defendants John Doe 1 through John Doe 20 are such other entities, unknown to the Union at this time, affiliated with Thor Equities, which, on information and belief, exercise ownership and/or control over the portion of the Palmer House premises at issue herein, and are necessary to provide complete relief; the Union will amend the Complaint to specify such defendants as they are identified. The foregoing defendants are hereinafter referred to collectively as the "Thor Entities." Each of the Thor Entities resides in this

District within the meaning of 29 U.S.C. § 1391.

6. Defendant Hilton Hotels Corporation ("Hilton") is a Delaware corporation. Defendant Hilton Illinois Corporation ("Hilton Illinois") is a Nevada corporation, affiliated with Hilton. Defendant HLT Palmer LLC ("HLT Palmer") is a Delaware limited liability corporation, affiliated with Hilton. Each of the foregoing defendants is an "employer" within the meaning of LMRA Section 2(2), 29 U.S.C. § 152(2). The foregoing defendants are hereinafter referred to collectively as the "Hilton Entities." Each of the Hilton Entities resides in this District within the meaning of 29 U.S.C. § 1391. The Hilton Entities have, as more fully set forth below, consented to participate in the arbitration of the grievance giving rise to this action, and are therefore named as defendants to assure the joinder of any and all necessary parties in this action.

7. As more fully set forth below, some or all of the Thor Entities and the Hilton Entities collectively conduct the Palmer House business.

## Factual Allegations

8. The Palmer House is a well-known historic hotel located at 17 East Monroe Street, Chicago, Illinois. The Palmer House premises includes, *inter alia*, a retail concourse on the first floor of the premises.

9. At all times relevant herein, the Union has been the duly-recognized exclusive bargaining representative of a bargaining unit of employees of the Palmer House. The Union is party to a collective bargaining agreement (the "Collective Bargaining Agreement") between the Palmer House and the Chicago Joint Executive Board of UNITE HERE (comprised of the Union and UNITE HERE Local 450)(the "Chicago Joint Board"), effective from September 1, 2006 through August 31, 2009, a true and correct copy of which is Exhibit 1 hereto. The Collective

Bargaining Agreement is a successor agreement to a series of predecessor collective bargaining agreements between the Chicago Joint Board and the Hotel Employers Labor Relations Association ("HELRA"), a multi-employer association of which the Palmer House has at all relevant times been a member.

10. The preamble to the Collective Bargaining Agreement defines the "Employer" as "The Palmer House Hilton." Sections 2(a) and (b) of the Collective Bargaining Agreement define the scope of the bargaining unit represented by the Union.

11. Section 5 of the Collective Bargaining Agreement provides:

> (a) This Agreement and all its terms shall be binding upon the employees, the Employer, the Locals and the Union, as well as their respective successors and assigns, subject to the following:
>
> (b) In the event that the Employer sells or assigns its business or in the event that there is a change in the form of ownership, the Employer shall give the Union reasonable advance notice thereof in writing and shall make all payments which are due or shall be due as of the date of transfer of the business for wages and benefits for employees covered by the Agreement. In addition, the Employer shall be responsible for accrued vacation payments for each employee covered by the Agreement. The Employer further agrees that as a condition to any such sale, assignment or transfer of ownership, the Employer will obtain from this successor or successors in interest a written assumption of this Agreement and furnish a copy thereof to the Union.
>
> (c) This agreement shall be binding upon the successors and assigns of the parties hereto. No provisions, terms or obligations herein contained shall be affected, modified, altered or changed in any respect whatsoever by the consolidation, merger, sale, transfer, or assignment of the Employer's interest, or any part thereof, in any establishment covered by this Agreement.

12. Section 6(a) of the Collective Bargaining Agreement provides:

> The Employer and the Union agree that it is desirable and proper to maintain the integrity of the existing bargaining unit. In furtherance of that agreement, the parties agree:
>
> That the Employer will not subcontract out any work currently being

performed by members of the bargaining unit without first negotiating said subcontract with the Union. In the event such negotiations fail to produce an agreement, either party may invoke the arbitration provisions set forth in Sections 45 and 46 of this Agreement. However, tasks, departments, outlets and work practices which were contracted out prior to the present contract may continue to be contracted to independent third parties at the terms and conditions in effect at the time this Agreement commences.

13. Article 46 of the Collective Bargaining Agreement sets forth a grievance and arbitration procedure for the resolution of any "grievance" against the Palmer House by any employee, group of employees, shop steward, or Local Union, culminating in arbitration before a neutral arbitrator, whose award is "final and binding, and conclusive on all parties."

14. Sections 2(a) and (b) and Section 5 of the predecessor collective bargaining agreement between the Chicago Joint Board and HELRA, effective from September 1, 2002 through August 31, 2006, were substantially identical to the same provisions of the present Collective Bargaining Agreement.

15. At all relevant times prior to August 2005, Hilton owned the Palmer House premises and operated the Palmer House directly, including the retail concourse on the first floor of the premises. During that period, the predecessor collective bargaining agreement was applied, *inter alia*, to food and beverage outlets on the first floor retail concourse, including a coffee shop known as "Jacques Coffee Outlet," which outlets were staffed by employees of the Palmer House represented by the Union.

16. In or about August 2005, Thor and/or one or more of the affiliated Thor Entities acquired the entire Palmer House premises from Hilton, and publicly announced that Hilton was simultaneously entering into a Management Agreement (the "Management Agreement") to continue to operate the Palmer House, as set forth in a press release announcing the transaction, a copy of

5

which is Exhibit 2 hereto. At all subsequent times, one or more of the Thor Entities has owned the Palmer House premises.

17. The Thor Entities and the Hilton Entities treat the Palmer House as a separate and distinct business enterprise organized and conducted by all of them. The Thor Entities and the Hilton Entities have a community of interest in the Palmer House, joint control and management of the Palmer House enterprise, and shared proprietary interest therein, including the expectation of and actual sharing of the profits and losses therefrom. Insofar as one or more of the Hilton Entities are responsible for some of the operations of the Palmer House, such operations are subject to the oversight, direction and control of one or more of the Thor Entities.

18. The employees of the Palmer House represented by the Union were retained following the transactions referred to in paragraph 16 above. At all times thereafter, including in the negotiation of the Collective Bargaining Agreement effective September 1, 2006, the Union continued to be recognized as the representative of the same bargaining unit of employees under the then-effective collective bargaining agreement.

19. Subsequent to the transactions described in paragraph 16 above, the Thor Entities undertook a physical renovation of portions of the Palmer House premises including, *inter alia*, some or all of the first floor retail concourse. As part of that renovation, certain outlets, including the Jacques Coffee Outlet, were closed. As a result of the renovation, a Starbucks coffee outlet was constructed on the first floor retail concourse, which on information and belief was subcontracted to a lessee of one or more of the Thor Entities, without complying with Section 6(a) of the Collective Bargaining Agreement.

20. By letter dated October 20, 2008, a copy of which is Exhibit 3 hereto, the Union

inquired of Hilton's counsel as to the status, *inter alia*, of the "coffee shop" under construction at the Palmer House. Hilton's counsel responded by letter dated October 31, 2008, a copy of which is Exhibit 4 hereto.

21.     On or about November 5, 2008, the Union filed a grievance under the Collective Bargaining Agreement, a copy of which is Exhibit 5 hereto (the "Grievance"). The Grievance was processed through the preliminary steps of the contractual grievance procedure, and was submitted to arbitration by letter dated December 16, 2008, a copy of which is Exhibit 6 hereto. In response, Hilton advised the Union, by letter dated January 7, 2009, a copy of which is Exhibit 7 hereto, that the "Owner" had elected to have its counsel handle the Grievance.

22.     Thereafter, counsel appeared for "the Palmer House Hilton" with respect to the Grievance. The Grievance was submitted to Arbitrator Ann Kenis for resolution, and a hearing was scheduled for October 8, 2009.

23.     In the course of preparation for the scheduled arbitration hearing, counsel of record for the Palmer House disclosed that they represented only the Hilton Entities. Accordingly, by letters dated September 22 and 29, 2009, copies of which are Exhibits 8 and 9 hereto, the Union notified the Thor Entities of the pending arbitration and demanded that the affected Thor Entities appear at the scheduled hearing. By letter dated September 30, 2009, a copy of which is Exhibit 10 hereto, defendant Thor Palmer House Hotel, LLC refused to participate in the arbitration of the Grievance. On information and belief, the refusal set forth therein constitutes the position of all of the Thor Entities.

24.     The arbitration hearing scheduled for October 8, 2009 was, on the Union's motion, continued by Arbitrator Kenis.

**Cause of Action**

25.     As a matter of law, those Thor Entities which own and/or operate any of the Palmer House premises fall within the definition of "Employer" under the Collective Bargaining Agreement based, *inter alia*, on their ownership of the Palmer House; their status as successors; and/or their oversight, direction, and control of the operations of the Palmer House and their shared community of interest and proprietary interest in the operations and profit and losses of the Palmer House enterprise.

26.     As a matter of law, the determination of the nature and extent of the affected Thor Entities' obligations under the Collective Bargaining Agreement is an issue of the interpretation and application of the terms of the Collective Bargaining Agreement including, *inter alia*, the terms "Employer" and "the Palmer House Hilton," and the meaning and application of Section 2, Section 5, Section 6 and related provisions of the Collective Bargaining Agreement. Those issues of contract interpretation and application are subject to the duty to arbitrate and within the Arbitrator's authority under the Collective Bargaining Agreement.

27.     As a matter of law, the affected Thor Entities' refusal to participate in the arbitration of the Grievance is without justification, and is a breach of the obligation to arbitrate under the Collective Bargaining Agreement.

WHEREFORE, the Union respectfully prays that this Court:

A.      Enter its Order finding and declaring that the affected Thor Entities are obligated to participate in the arbitration of the Grievance under the Collective Bargaining Agreement, and compelling such entities to do so.

B.      Enter its Order awarding the Union its reasonable attorneys' fees and costs in this

matter.

    C.    Grant such other and further relief as the Court finds just and proper in the premises.

By: /s/ Wesley Kennedy
Attorneys for Plaintiff UNITE HERE Local 1

Wesley Kennedy (ARDC No. 6188089) (kennedy@ask-attorneys.com)
N. Elizabeth Reynolds (N.D. IL No. 90784815) (reynolds@ask-attorneys.com)
Angie M. Cowan (ARDC No. 6285970) (cowan@ask-attorneys.com)
ALLISON, SLUTSKY & KENNEDY, P.C.
230 West Monroe Street, Suite 2600
Chicago, Illinois 60606
Telephone: (312) 364-9400
Facsimile: (312) 364-9410

November 24, 2009