**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITE HERE LOCAL 1, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09-CV-7363 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| THOR EQUITIES, LLC, THOR PALMER HOUSE HOTEL & SHOPS, LLC, THOR PALMER HOUSE HOTEL, LLC, JOHN DOES 2 THROUGH 20, HILTON HOTELS CORPORATION, HILTON ILLINOIS CORPORATION, and HLT PALMER, LLC collectively d/b/a "THE PALMER HOUSE HILTON," | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Unite Here Local 1 ("Unite Here") filed an amended complaint seeking to compel arbitration against Thor Equities, LLC, Thor Palmer House Hotel & Shops, LLC, Thor Palmer House Hotel, LLC, Thor Palmer House Retail, LLC ("the Thor defendants"), Hilton Hotels Corporation, LLC, Hilton Illinois Corporation, HLT Palmer LLC ("the Hilton defendants"), and a group of unidentified entities affiliated with the Thor defendants. Before the court is the Hilton defendants' motion for judgment on the pleadings. For the reasons stated below, the motion [#20] is granted.

1

**BACKGROUND**[1]

Unite Here is a labor union based in Chicago, Illinois that represents employees in the hotel, restaurant, gaming, and related industries. Am. Compl. ¶ 4. At all relevant times, Unite Here has acted as the exclusive bargaining representative on behalf of the employees of the Palmer House Hotel ("the Hotel"), a well-known historic hotel located in Chicago. *Id.* ¶¶ 8-9.

Unite Here is party to a Collective Bargaining Agreement ("the Agreement") between the Hotel and the Chicago Joint Executive Board of Unite Here. *Id.* ¶ 9. The Agreement covers the terms and conditions of the Hotel employees' employment and sets forth an arbitration procedure for resolution of any grievance against the Hotel by any employee represented by Unite Here. Ex. 1 to Am. Compl. In addition, the Agreement stipulates that it remains binding upon the consolidation, merger, sale, transfer, or assignment of interest in the Hotel. *Id.* § 5.

Prior to August 2005, the Hilton defendants owned and operated the Hotel. Am. Compl. ¶ 15. In or about August 2005, the Thor defendants acquired the entire Hotel from the Hilton defendants and publicly announced that the Hilton defendants were simultaneously entering into a Management Agreement to continue to operate the Hotel. *Id.*; *see also* Ex. 2 to Am. Compl. Under this Management Agreement, the Thor and Hilton defendants treat the Hotel as a separate and distinct business enterprise organized and operated by all of them. Am. Compl. ¶ 17. They retain joint control and management of the Hotel and share the Hotel's profits and losses. *Id.*

Some time after August 2005, the Thor defendants renovated portions of the Hotel. *Id.* ¶ 19. During the renovation of the first floor retail concourse, the Thor defendants closed the Jacques Coffee Outlet that was staffed by Hotel employees in accordance with the Agreement.

---

[1] The following facts are taken from the Amended Complaint and are presumed true for the purpose of resolving the pending motion.

*Id*.  The Thor defendants subsequently leased space on the first floor retail concourse to a Starbucks Coffee Outlet ("Starbucks") and allowed Starbucks to hire and manage its own employees.  *Id*.  Unite Here contends that the leasing of space to Starbucks breaches the Agreement.  *Id.*

On November 5, 2008, Unite Here filed a grievance concerning the Hotel's leasing of space to Starbucks in accordance with the Agreement, invoking its outlined arbitration procedure.  *Id.* ¶ 21.  After proceeding through the preliminary steps, Unite Here was informed that counsel represented only the Hilton defendants.  *Id.* ¶¶ 21-23.  Unite Here then notified the Thor defendants of the arbitration and demanded their participation.  *Id.* ¶ 23.  The Thor defendants refused to participate, leading Unite Here to file its one-count complaint on November 24, 2009, seeking to compel the Hilton and Thor defendants to arbitrate this grievance.  *Id.* ¶¶ 1, 23.  At all times, the Hilton defendants have agreed to arbitration.  *Id.* ¶ 6.  The Thor defendants refuse to arbitrate because they claim that they are not "Employers" subject to the Agreement.  Thor Defs.' Ans. ¶¶ 29-30.

## LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6).  *N. Ind. Gun & Outdoor Shows, Inc.* v. *City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  A grant of judgment on the pleadings is appropriate where "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief."  *Foreseth* v. *Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (quoting *Thomason* v. *Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)) (internal quotation marks omitted).  In considering a Rule 12(c) motion, the

court must accept all well-pleaded allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Id.*

**ANALYSIS**

**I. Arbitration Provision**

Courts must "enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Sphere Drake Ins. Ltd.* v. *All Am. Life Ins. Co.*, 307 F.3d 617, 620 (7th Cir. 2002) (quoting *Volt Info. Scis., Inc.* v. *Stanford Univ.*, 489 U.S. 468, 478, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989)). To compel arbitration, a party need only show the existence of an agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal by the opposing party to proceed to arbitration. *Zurich Am. Ins. Co.* v. *Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).

The parties concur that Section 46 of the Agreement, which sets forth the desired arbitration procedure for the resolution of any grievance arising out of the Agreement, applies to their dispute. They agree also that the underlying dispute in this case is within the scope of the Agreement. Section 6(a) of the Agreement sets forth the procedure for subcontracting this concourse space. That section reads, in part: "[T]he Employer will not subcontract out any work currently being performed by members of the bargaining unit without first negotiating said subcontract with the Union. In the event such negotiations fail to produce an agreement, either party may invoke the arbitration provisions set forth in Section 45 and 46 of this Agreement." Ex. 1 to Am. Compl. Unite Here alleges that the Thor defendants improperly leased retail space on the first floor retail concourse of the Hotel. Thus, Unite Here's claim that the Thor defendants closed the Jacques Coffee Outlet and leased space to Starbucks without first

4

negotiating with Unite Here falls within the scope of the Agreement, if it is assumed that the Thor defendants are parties to it, an issue that will be determined in this litigation.

There is no need for an order compelling the Hilton defendants to arbitrate, however, for they are not opposing arbitration, as Unite Here acknowledges in its complaint. It is well-settled that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright . . . because he has no remaining stake." *Holstein* v. *City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994) (quoting *Rand* v. *Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)) (internal quotation marks omitted). Thus, judgment is appropriate in the Hilton defendants' favor.

## II. Necessary Party

Unite Here's complaint acknowledges the Hilton defendants' consent to arbitration but states that they must remain as named defendants "to assure the joinder of any and all necessary parties in this action." Unite Here argues that the Hilton defendants themselves are necessary parties to this action. Specifically, Unite Here claims that this court is being asked to address the meaning of the contractual definition of "Employer" and that the resolution of this question may affect Hilton's obligations under the Agreement and its rights with respect to Unite Here and the Thor defendants. Under this line of reasoning, the Hilton defendants are a necessary party to this litigation under Rule 19(a)(1)(B)(i), which provides that persons who claim an interest relating to the subject of the action must be joined if their absence may impair or impede their ability to protect that interest. Fed. R. Civ. P. 19(a)(1)(B)(I).

5

It is true that parties to a contract are often necessary parties to claims brought under that contract. *See, e.g.*, *CIGNA HealthCare of St. Louis, Inc.* v. *Kaiser*, 181 F. Supp. 2d 914, 920 (N.D. Ill. 2002), *aff'd as modified on unrelated grounds*, 294 F.3d 849 (7th Cir. 2002) (citations omitted). But here, the only relief sought is an order compelling arbitration. The Hilton defendants have already agreed to arbitration, so their presence is not necessary to determine whether the Thor defendants must arbitrate as well. This conclusion is supported by Federal Rule of Civil Procedure 82, which provides that all of the Rules, including Rule 19, do not "extend or limit the jurisdiction of the district courts or the venue of actions in those courts." Fed. R. Civ. P. 82; *see also Vechiola* v. *City of Chi.*, 244 F. Supp. 45, 47 (N.D. Ill. 1965) ("[J]oinder is proper only where independent jurisdictional support exists for plaintiff's claim."). As the Hilton defendants' agreement to arbitration nullifies any case or controversy with Unite Here, this court has no underlying subject matter jurisdiction over Unite Here's claim with respect to the Hilton defendants.

## CONCLUSION AND ORDER

For the foregoing reasons, the Hilton defendants' motion for judgment on the pleadings [#20] is granted. The Hilton defendants are dismissed from the suit.

Dated: June 28, 2010        Enter: _____
                                                JOAN HUMPHREY LEFKOW
                                                United States District Judge